**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:07 MC 24-MU**


| | | |
|---|---|---|
| **NITRO DISTRIBUTING INC.;** | ) | |
| **WEST PALM CONVENTION** | ) | |
| **SERVICES, INC.; NETCO, INC.;** | ) | |
| **SCHMITZ & ASSOCIATES,** | ) | |
| **INC.; and U-CAN-II, INC.,** | ) | |
| | ) | |
| **Plaintiffs** | ) | |
| | ) | **ORDER** |
| | ) | |
| | ) | |
| **ALTICOR INC., a foreign corporation;** | ) | |
| **AMWAY CORPORATION, a foreign** | ) | |
| **corporation; and QUIXTAR INC., a foreign** | ) | |
| **corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |
| _____) | | |


THIS MATTER is before the Court on Defendants' Motion to Compel S. Paul Brown to

Comply with Subpoena Duces Tecum.  (Document #2).  Having considered the Motion and for

good cause shown, Defendant's Motion is GRANTED.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the

claim or defense of any party." F.R.C.P. 26(b)(1).  The frequency or extent of use of the

discovery methods . . . shall be limited by the court if it determines that: (i) the

discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other

source that is more convenient, less burdensome, or less expensive; (ii) the party seeking

discovery has had ample opportunity by discovery in the action to obtain the information sought;

or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . ..F.R.C.P.

26(b)(2).

In this case, Defendants seek to obtain information from Mr. Brown, a third party. Neither party disputes that Mr. Brown's knowledge is not discoverable (with the exception of what would otherwise be privileged); rather, the Plaintiffs assert only that such discovery would be unduly burdensome and expensive. Defendants have agreed to pay for the process of imaging Mr. Brown's hard drive, and there is no evidence that such a process would be burdensome in the least for Mr. Brown.

It is hereby ORDERED that S. Paul Brown allow an independent third party designated by Defendants to image Mr. Brown's hard drives and storage media to search for relevant documents responsive to the subpoena duces tecum issued on December 11, 2006. The Defendants' designated expert is ordered to use a keyword search approach such that relevant information will be extracted after the imaging of Mr. Brown's computers is completed. The Defendants' designated expert will base its word selection on those documents requested in the subpoena duces tecum and provided in the Memorandum of Law in Support of Alticor's Motion to Compel S. Paul Brown to Comply with Subpoena Duces Tecum filed on February 16, 2007 in this Court. Mr. Brown, or his designated representative, will have an opportunity to redact results for privilege and generate a privilege log prior to producing the redacted results to Defendants in accordance with an established protocol.

Signed: April 12, 2007

Graham C. Mullen
United States District Judge